Argued April 27, 1926.
The appeal in this case is from the action of the Court of Common Pleas of Allegheny County in entering judgment in favor of the defendant upon a case stated in the nature of a special verdict filed in an action brought by E.S. Small, appellant herein, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company to recover damages suffered by him by reason of the failure of said railroad company to transport, safely and with reasonable dispatch, a consignment of 796 boxes of apples, shipped by appellant from Wapato, Washington, to his agent at Pittsburgh, Pa. The suit was not brought "within two years and one day after delivery of the property," but was instituted "within two years from the day when notice in writing was given by the carrier to the claimant that the carrier had disallowed the claim." The single question raised by the assignment of error is whether the suit was brought within such time as entitled the shipper to recover the damages which he admittedly suffered to the amount of $979.50.
The shipment was delivered to the Director General of Railroads, operating the Northern Pacific Railway Company, on February 16, 1920, and a bill of lading *Page 66 
for the transportation of said shipment to Pittsburgh was issued to and accepted by appellant, which bill of lading contained, inter alia, the following stipulation: "...... suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." The shipment was transported over the lines of said initial and of connecting carriers and delivered to the defendant, appellee herein, as a connecting and delivering carrier, at Indiana Harbor, Indiana, on March 6, 1920.
Delivery of the shipment in a damaged condition was made to appellant's agent at Pittsburgh on March 15, 1920, but suit was not instituted until May 18, 1922. In the meantime, to wit, on March 1, 1920, the National Transportation Act became effective, in and by which act it is provided, inter alia: "That it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period ...... for the institution of suits than two years, such period for the institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice." The question involved, therefore, upon this appeal is whether the court below erred in holding that the right of appellant to recover is to be determined by the terms of the contract made when the shipment was accepted, as evidenced by the bill of lading, rather than by the provisions of the Transportation Act which became effective while it was in transit. It is conceded by the learned counsel for appellant in his brief "that any limitation of liability contained in a contract of transportation, or bill of lading, which is valid and enforcible by the initial carrier likewise enures to the benefit of its connecting carriers": Kansas City Southern Railway Co. v. Carl, 227 U.S. 639, and that *Page 67 
"if this action was barred as against the Northern Pacific Railway Company, it was barred as to the defendant." Our attention has not been directed to any language in the Transportation Act indicating that it was intended to have any retroactive effect. In the case of the New York Central Railroad Company v. Lazarus, 278 Federal Reports, 900, the shipment (with the exception of a part thereof which was never delivered) was delivered on August 21, 1917, and suit was instituted on September 29, 1919. The conclusion of the court in favor of the carrier in that case was based upon the finding that "this action was not commenced within two years and one day after delivery of the property referred to in the complaint, or within two years and one day after a reasonable time for delivery of the property had elapsed," and in the course of the opinion the following language was used: "Where the time within which an action could be brought is agreed upon by the terms of the contract of shipment it is one of the terms and conditions thereof, and Congress could not deprive the carrier of this property right, for to do so would violate the provisions of the Fifth Amendment. The provision upon which the carrier relies as a defense in this case, namely, the two year and one day clause, is contained in the contract of transportation, and is not a right given or limitation provided for by State or Federal Statute."
It is contended, however, on behalf of appellant that the cause of action in the present case arose subsequent to the effective date of the Transportation Act and that the provisions of that act, therefore, apply. The leading case cited in support of this contention is Smith v. Northern Neck Insurance Co., 112 Va. 192. The question in that case related to the time within which an action must be brought under a certain statute of that state to enforce a fire insurance policy. The policy was taken out on September 18, 1905, to remain in force for two years. A fire resulting in loss *Page 68 
occurred on August 29, 1907. The policy provided that any action brought to enforce its provisions "must be brought within six months after the date of the loss." An Act of Assembly however was approved March 9, 1906, declaring that no provision limiting the time within which a suit may be brought "to less than one year after the loss shall be valid." Suit was instituted March 14, 1908, more than six months but less than a year after the loss occurred. It was decided that the holder of the policy was entitled to recover, the court saying:" The policy was still in force when the statute was passed; the right of action had not accrued, for the loss did not occur for more than a year after the passage of the Act; and we are of the opinion that it is within the power of the Legislature to shorten the period of limitation, leaving always a reasonable time within which to invoke a remedy for a breach of contract, or to prolong the period of limitation where the right to plead it has not accrued." We are not persuaded that the authority relied upon is applicable to the case at bar. Aside from the obvious distinctions between a contract of insurance against loss by fire and the contract between the parties in this case, it is to be noted that the limitation in the case cited expressly relates to the bringing of the suit within a certain period "after the date of the loss," a time readily ascertainable and having direct relation to the accruing of the right of action; whereas, the limitation in the contract here involved is a specified period "after delivery of the property," regardless of the time at which any damage to the property giving rise to a right of action may have been occasioned. Again, we are not advised by the case stated when the delay occurred which resulted in the damage to the shipment or with respect to the circumstances relating thereto. It is stated in the sixth paragraph of the agreed statement of facts that the defendant delayed the shipment and made delivery thereof in a damaged condition, but *Page 69 
there is nothing in the case stated which would justify a court in declaring that the right of action accrued on any particular date. The stipulation in the bill of lading fixes as the time when the limitation of action begins to run the date of the delivery or the date upon which delivery should reasonably have been made, and the statute provides that the period shall be computed "from the day when notice in writing is given by the carrier" that it has disallowed the claim or any part thereof. Neither the contract nor the statute attaches any particular importance to the "date of the loss" or the accruing of the right of action in fixing the period within which the action must be brought. We are therefore of opinion that the provision in the bill of lading is binding upon the parties and that the statute which became effective while the shipment was in transit did not modify or affect the terms of the contract previously made.
The assignment of error is accordingly dismissed and the judgment affirmed.